**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT**
**NORTHERN DIVISION**



|  |  |
|---|---|
| **Phyllis Hightower, M.D.,** | ] |
| **Plaintiff,** | ] |
| **vs.** | ] **Civ Act. No.  3:19-cv-00934-DPJ-FKB** |
| **Family Health Care Clinic, Inc.** | ] |
| **Defendant** | ] |

## **MOTION TO COMPEL**

Pursuant to Rules 26, 33, 34 AND 37(a)(3) of the Federal Rules of Civil Procedure and Local Rule 37, Plaintiff, Phyllis A. Hightower, respectfully requests that the Court issue an order compelling the Defendant to produce responsive answers and documents to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. As explained in the attached Memorandum, Defendant has refused to produce responsive documents and has asserted boilerplate objections to discovery which are invalid. In addition, Defendant's privilege and work product doctrine assertions are deficient because they failed to provide a privilege log. Finally, despite this Court's October 1, 2020 deadline for the completion of discovery, Defendant's production is patently deficient as evidenced by Defendants' failure to produce even basic job descriptions or an organizational chart. In support of this motion, Plaintiff states as follows:

1.      This is a Title VII, ADA and 42 USC Section 1981 case, alleging discrimination on the basis of race, sex and disability.

2.      Dr. Phyllis Hightower, a black pediatrician was employed by the Defendant from 2007 to November 28, 2016.

3.    Dr. Hightower served discovery requests on the Defendant that would support her claims of discrimination. Specifically, on April 17, 2020, Dr. Hightower served:

a. Plaintiff's First Set of Interrogatories. (Exhibit A)

b. Plaintiff's Request for Production of Documents. (Exhibit B)

4.    On May 19, 2020, Attorney for the Defendant requested an extension of fourteen 14) days to respond to the written discovery.  The Plaintiff consented and the Defendant filed its First Unopposed Motion for an extension of time. (Doc #12)

5.    On June 7, the attorney for the Defendant requested a second extension of time for seven days and the Plaintiff consented.  On June 2, 2020, the Defendant filed its Second Unopposed Motion for an Extension of Time. (Doc. #13)

6.    On June 9, 2020, the attorney for the Defendant requested a third extension of time for two (2) days.  On June 10, 2020, the Defendant filed their Third Unopposed Motion for an extension of time. (Doc. #15)

7.    On June 12, 2020, the Defendant served responses to the Plaintiff's written discovery. Specifically, the Defendant served:

a. Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories. (Exhibit C)

b. Defendant's Objections and Response to Plaintiff's Request for Production of Documents. (Exhibit D).

8.    The Defendant posed boilerplate objections to all of the discovery requests with some privilege, confidentiality and work product doctrines to all of Plaintiff's written discovery.

9.    Defendant provided very limited information in response to the written discovery. Specifically, the Defendant reproduced the Plaintiff's personnel file (without asserting that it was

2

complete) the Plaintiff's charge, the Defendant's personnel and policy manual, a 2018 job description for Plaintiff.

10.     The Defendant refused to provide any information for any employee other than the Plaintiff.

11.     On June 18, 2020, after reviewing the Defendant's Responses and Objections, the Plaintiff contacted the Defendant regarding a meet and confer. After several contacts, a meet and confer was held on June 24, 2020. The Plaintiff sent a conferral letter setting forth her objections. (Ex. E) The day that the initial meet and confer was scheduled, Defendant rescheduled and sent a response to the Plaintiff's objections removing many of the assertions of privilege, work product and tried to assert new objections. (Ex. F) The Plaintiff attempted to send the Defendant her responses to their responses but encountered technical problems as was unable to send it.

12.  At the meet and confer,  the Plaintiff and Defendant were unable to resolve the majority of the issues and there was a consensus that the matter should be submitted to the magistrate.

13.  On July 15, 2020, a discovery conference was held with the Magistrate, who advised all parties to work to reach a compromise or file a Motion to Compel.

14.  The Plaintiff in compliance with the local rules have requested that the Defendant's sign the Motion to Compel Good Faith Certificate that all parties tried to solve the matter without judicial intervention. (Ex. G)  Attached hereto is the undersigned counsel's GOOD FAITH certification Affidavit  that a good faith attempt to resolve the discovery issues have been engaged  in through good faith correspondence, a meet and confer and a discovery conference with the Court on July 15, 2020 regarding the discovery issues. (Ex. H ).  Also attached is the good faith certificate emailed them to on August 13, 2020 which was not returned  until August 21, 2020.  (Ex. I)

15.     As required by the relevant local rules, Plaintiff will now quote verbatim each contested

interrogatory and request, the specific objection, the grounds for the objection and the reasons supporting the motion. Each topic of discovery will be briefly introduced for context. Supporting authority is provided in the memorandum.

a.  **INTERROGATORY NO. 1:**  Identify yourself, by stating your full name, present address, the position you hold with the defendant employer, and a description of your duties in that position. Prior to answering the remainder of these interrogatories, state whether you have made inquiry of the officers, servants, and employees of the defendant employer, and have referred to documents, correspondence, memoranda, records, and other papers in the possession of the defendant employer, to enable you to make full, complete, and true answers to the following interrogatories.

**RESPONSE:** Defendant objects that this Interrogatory is compound and constitutes multiple separate interrogatories. Defendant is Family Health Care Clinic, Inc. The interrogatory is confusing and vague as to the remainder of the information requested. The information contained in these answers is based on the information of FHCC.

**Reasons to Compel:** On June 18, 2020,  six days after the Defendant submitted their initial responses, a verification signed by the CEO was submitted.  The Defendant has refused to amend its answer to interrogatory number to reflect the identity of the person who provided the answers upon which the responses to interrogatories are based. This is basic information. Failure to identify a witness precludes use of their knowledge and testimony at trial.

b.  **INTERROGATORY NO. 3**  Including Plaintiff identify each and every person from 2007 to 2017 who was employed at Family Health Care Clinic, Inc. as a Pediatrician and his/her race.

**RESPONSE:** Defendant objects to the extent this Interrogatory is overly broad as it, unduly burdensome, and seeks irrelevant information. It is not reasonably limited in time or scope. The request is so broad and unlimited that it is not proportional to the needs of the case and the burden of compliance outweighs the benefit of the discovery.

**REASONS TO COMPEL:** Boilerplate: The Defendant's objections are

boilerplate which fail to include the specificity required and as such the objections are invalid and of no effect. A party resisting discovery on the basis of burdensomeness is required to demonstrate how complying with the request would be burdensome. The objection fails to show how and as such should be stricken from the response. Hightower has stated that she is not aware of any more than ten (10) pediatricians in the ten-year time period which does not appear to be burdensome.

**Subparts**: The federal rules do not prohibit subpart interrogatories but rather requires that each subpart is interrelated. The interrogatory is properly posed as all of the subparts are related to the issue of employment of pediatricians.

**Geographical Scope**: The information requested is not overbroad as it is limited to pediatricians employed by the Defendant in the State of Mississippi.

**Temporal Scope**: The scope is limited to the time that the Plaintiff worked for the Defendant. The time period is relevant and critical because one or two, maybe three of the comparators of the Plaintiff, worked for the Defendant on and off over the ten-year period and to shorten the time for information would hide the Defendant's discriminatory actions. If the Defendant is allowed to restrict the time period to three (3) years critical information showing disparate treatment and pretext will be left out of the case, thereby distorting the true picture of the discrimination that occurred.

**Relevancy**: The information sought is relevant and proper in view of the issues and arguments likely to arise during the course of a claim of discrimination – the race of the Plaintiff and comparators is a basic issue in a discrimination

5

case.

c . **INTERROGATORY NO. 4:**  For each person who was employed by Family Health Care Clinic, Inc., as a Pediatrician at any time from 2007 to 2017:

      a      Identify and describe the rate of compensation paid to each pediatrician for each year from 2007 to 2017;

      b.     Identify and categorize (i.e. salary, independent contractor, etc.) the total compensation paid to each pediatrician from each year 2007 to 2017;
The total revenue generated for Family Health Care Clinic, Inc. by each Pediatrician from each year from 2007 to 2017.

    **RESPONSE:**  Defendant objects that this Interrogatory is compound, constitutes multiple

separate interrogatories and seeks confidential information of non-party employees to this case. Defendant also objects to the extent this Interrogatory is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses in this case. It is not reasonably limited in time or scope. The request is so broad and unlimited that it is not proportional to the needs of the case and the burden of compliance outweighs the benefit of the discovery.

**Reasons to Compel:**

**Boilerplate**: The Defendant's objections are boilerplate which fail to include

the specificity required and as such the objection are invalid and of no effect.

A party resisting discovery on the basis of  burdensomeness is required to

demonstrate how complying with the request would be burdensome. The

objection fails to show how and as such should be stricken from the response

**Subparts**: The federal rules do not prohibit subpart interrogatories but rather

requires that each subpart is interrelated.  The interrogatory is properly posed

as all of the subparts are related to the issue of employment of pediatricians.

**Geographical Scope**: The information requested is not overbroad as it is

limited to pediatricians employed by the Defendant in the State of  Mississippi.

**Relevancy:** The Plaintiff alleges that she was paid less than her white co-workers

for the same work despite having more skills, competence and productivity.  The

interrogatory at issue addresses the  productivity of the pediatricians employed by

the Defendant during Plaintiff's tenure.

The Plaintiff is not required to demonstrate discrimination by comparators only.

**Temporal Scope**: The scope is limited to the time that the Plaintiff worked for the Defendant. The time period is relevant and critical because one or two, maybe three of the comparators of the Plaintiff, worked for the Defendant on and off over the ten-year period and to shorten the time for information would hide the Defendant's discriminatory actions. If the Defendant is allowed to restrict the time period to three (3) years critical information showing disparate treatment and pretext will be left out of the case, thereby distorting the true picture of the discrimination that occurred.

d. **INTERROGATORY NO. 5:** For each person identified in your Answer to Interrogatory Nos. 2, 3 and/or 4 who was employed by Family Health Care Clinic, Inc. as a pediatrician at any time from 2007 to 2017:

 a. Identify each person's position and job responsibilities as a pediatrician;

 b. If changes occurred to the person's job responsibilities, or to which the person was assigned, identify each such change, the dates of each change and the person responsible for the change; and

 c. Identify any and all performance deficiencies documented by Defendant Employer as to that employee's performance or other issues.

**R ESPONSE:** Defendant objects that this Interrogatory is compound, constitutes multiple separate interrogatories, and seeks confidential information of non-party employees to this case. Defendant also objects to the extent this Interrogatory is overly broad, unduly burdensome, and seeks irrelevant information. It is not reasonably limited in time or scope. The request is so broad and unlimited that it is not proportional to the needs of the case and the burden of compliance outweighs the benefit of the discovery.

**Reasons to Compel:**

**Boilerplate**: The Defendant's objections are boilerplate which fail to include the specificity required and as such the objection are invalid and of no effect. A party resisting discovery on the basis of burdensomeness is required to demonstrate how complying with the request would be burdensome. The

objection fails to show how and as such should be stricken from the response

**Subparts:** The federal rules do not prohibit subpart interrogatories but rather requires that each subpart is interrelated. The interrogatory is properly posed as all of the subparts are related to the issue of employment of pediatricians.

**Geographical Scope:** The information requested is not overbroad as it is limited to pediatricians employed by the Defendant in the State of Mississippi.

**Confidential:** The claims of confidential information of non-parties could be corrected by redactions and excisions of private information as the information sought is personnel nor personal. The parties are negotiating a protective order, but the Defendant seeks to have an overbroad protective order by labeling every piece of paper produced as confidential or proprietary.

**Temporal Scope:** The scope is limited to the time that the Plaintiff worked for the Defendant. The time period is relevant and critical because one or two, maybe three of the comparators of the Plaintiff, worked for the Defendant on and off over the ten-year period and to shorten the time for information would hide the Defendant's discriminatory actions. If the Defendant is allowed to restrict the time period to three (3) years critical information showing disparate treatment and pretext will be left out of the case, thereby distorting the true picture of the discrimination that occurred.

**Relevance:** The subject interrogatory is relevant to the Plaintiff's claim of discrimination with regard to pay, terms and conditions of employment, schedule changes of her and comparators.

**e . INTERROGATORY NO. 6:**      Including Plaintiff, identify each and every person from 2007 to the 2017 who was employed at Family Health Care Clinic,

Inc. as a pediatrician, the dates of employment and the reason for his/her separation from employment with Family Health Care Clinic, Inc.

**RESPONSE:** Defendant objects to the extent this Interrogatory is overly broad, unduly burdensome, seeks irrelevant information, and seeks confidential information of non-party employees to this case. It is not reasonably limited in time or scope. The request is so broad and unlimited that it is not proportional to the needs of the case and the burden of compliance outweighs the benefit of the discovery.

**Reasons to Compel:**

**Relevancy:** The information sought is relevant to the plaintiff's claim of employment discrimination with regard to her termination. Plaintiff was terminated for minor infractions, the records will show that comparators who committed worse acts, as well as those, who committed similar acts were not terminated.

**Boilerplate:** The Defendant's objections are boilerplate which fail to include the specificity required and as such the objection are invalid and of no effect. A party resisting discovery on the basis of burdensomeness is required to demonstrate how complying with the request would be burdensome. The objection fails to show how and as such should be stricken from the response

**Subparts:** The federal rules do not prohibit subpart interrogatories but rather requires that each subpart is interrelated. The interrogatory is properly posed as all of the subparts are related to the issue of employment of pediatricians.

Geographical Scope: The information requested is not overbroad as it is limited to pediatricians employed by the Defendant in the State of Mississippi.

**Confidential:** The claims of confidential information of non-parties could be corrected by redactions and excisions of private information as the information sought is personnel nor personal. The parties are negotiating a protective order, but the Defendant seeks to have an overbroad protective order by labeling every

piece of paper produced as confidential or proprietary.

**Temporal Scope:** The scope is limited to the time that the Plaintiff worked for the Defendant.  The time period is relevant and critical because one or two, maybe three of the comparators of the Plaintiff, worked for the Defendant on and off over the ten-year period and to shorten the time for information would hide the Defendant's discriminatory actions.  If the Defendant is allowed to restrict the time period to three (3) years critical information showing disparate treatment and pretext will be left out of the case, thereby distorting the true picture of the discrimination that occurred.

f. **INTERROGATORY NO. 7:**      Identify any individuals with knowledge of the facts in dispute whom you do not intend to call as a witness in your case in chief. **R ESPONSE:** Defendant objects that this Interrogatory exceeds the scope of Federal Rule Civil Procedure 26, is unduly burdensome, seeks information protected by the attorney-client privilege, and the work product doctrine. Defendant has not decided what witnesses it will or will not call at the trial of this cause. **Reasons to Compel:  Relevancy:**  Rule 26 scope is broad and allows discovery of any matter that is relevant to the claims or defenses of the subject action which would include any documents, photos and recordings that the Defendant intends to introduce at trial.   Further under the rules, the Defendant cannot reserve the right to introduce documents not produced. Finally, Defendant has a DUTY to supplement its responses to interrogatories.

**Attorney Client Privilege:/Work Product Doctrine:** The Defendant has failed to provide any of the information required which would allow opposing counsel and the court to assess the credibility of the assertion of attorney client privilege or work product doctrine.  The failure to do so is tantamount to providing no objection. The objection should be stricken.

g. **I NTERROGATORY NO. 8:**   With respect to the Chief Medical Officer position of Family Health Care Clinic, Inc., please provide the name, race, gender and salary of each person who has held the position from 2007 to 2017.
**R ESPONSE**:  Defendant objects to the extent this Interrogatory is overly broad, unduly burdensome, and seeks irrelevant information. It is not reasonably limited in time or scope. The salary of employees is private and proprietary information of FHCC and the employees and not subject to discovery. Without waiving any objection, the current Chief Medical Officer is Dr. Charles Curry, an African American male.

**Reasons to Compel:** The response is incomplete and evasive which is usually treated like no response.

**Relevancy:**  The requested information is very relevant as it goes to the Title VII

failure to promote claim with regard to race and sex. The time period is not

overbroad. Again, the Defendant seeks to obscure the record. The Plaintiff alleges

that the availability of the position was not made known and that she was told that

the position was non-paying. There is information demonstrating that a white female

was paid when she held this position, a black female was not paid when she was

allegedly "acting" in this position and that a black male is now being paid to hold

this position.    The information must be provided for the time requested to

demonstrate the discriminatory intent and animus of the employer.

**Boilerplate:** The Defendant's objections are boilerplate which fail to include

the specificity required and as such the objection are invalid and of no effect.

A party resisting discovery on the basis of  burdensomeness is required to

demonstrate how complying with the request would be burdensome. The

objection fails to show how and as such should be stricken from the response

**Subparts:** The federal rules do not prohibit subpart interrogatories but rather

requires that each subpart is interrelated. The interrogatory is properly posed as all of the subparts are related to the issue of employment of pediatricians. Geographical Scope: The information requested is not overbroad as it is limited to pediatricians employed by the Defendant in the State of Mississippi.

**Confidential**: The claims of confidential information of non-parties could be corrected by redactions and excisions of private information as the information sought is personnel nor personal. The parties are negotiating a protective order, but the Defendant seeks to have an overbroad protective order by labeling every piece of paper produced as confidential or proprietary.

**Temporal Scope:** The scope is limited to the time that the Plaintiff worked for the Defendant. The time period is relevant and critical because one or two, maybe three of the comparators of the Plaintiff, worked for the Defendant on and off over the ten-year period and to shorten the time for information would hide the Defendant's discriminatory actions. If the Defendant is allowed to restrict the time period to three (3) years critical information showing disparate treatment and pretext will be left out of the case, thereby distorting the true picture of the discrimination that occurred.

h. **INTERROGATORY NO. 10**: Please identify all physicians/medical staff who requested and received FMLA Leave from 2007 to 2017 and if the FMLA leave was related to the employee's or a family member's illness.
**R ESPONSE:** Defendant objects to the extent this Interrogatory is overly broad, unduly burdensome, and seeks irrelevant information. It is not reasonably limited in time or scope. The interrogatory further seeks private and privileged information not the proper subject of disclosure. The burden of responding to the interrogatory is not proportional to the needs of the case and the burden of compliance outweighs the benefit of the discovery.

**Reasons to Compel:** Please see Reasons to Compel under Interrogatory

number 3 for boilerplate, compound and burdensome objections

**Relevancy:** The interrogatory is relevant to the plaintiff's claim of discrimination with regard to ADA – specifically the difference in treatment between the Plaintiff who requested leave for personal illness and the physicians who requested leave to care for family members. The Plaintiff was denied part-time return whereas white comparators where allowed to return part-time. Employees who requested leave for serious illnesses were eventually terminated or forced to resign. Information contained in personnel files are discoverable if they are relevant to the plaintiff's claim.

**Boilerplate**: The Defendant's objections are boilerplate which fail to include the specificity required and as such the objection are invalid and of no effect. A party resisting discovery on the basis of  burdensomeness is required to demonstrate how complying with the request would be burdensome. The objection fails to show how and as such should be stricken from the response

**Subparts:** The federal rules do not prohibit subpart interrogatories but rather requires that each subpart is interrelated.  The interrogatory is properly posed as all of the subparts are related to the issue of employment of pediatricians. Geographical Scope: The information requested is not overbroad as it is limited to pediatricians employed by the Defendant in the State of  Mississippi.

**Confidential**: The claims of confidential information of non-parties could be corrected by redactions and excisions of private information as the information sought is personnel nor personal.  The parties are negotiating a protective order,

but the Defendant seeks to have an overbroad protective order by labeling every piece of paper produced as confidential or proprietary.

**Temporal Scope:** The scope is limited to the time that the Plaintiff worked for the Defendant. The time period is relevant and critical because one or two, maybe three of the comparators of the Plaintiff, worked for the Defendant on and off over the ten-year period and to shorten the time for information would hide the Defendant's discriminatory actions. If the Defendant is allowed to restrict the time period to three (3) years critical information showing disparate treatment and pretext will be left out of the case, thereby distorting the true picture of the discrimination that occurred.

Additionally, the Plaintiff has alleged a hostile work environment claim which does not begin and end with one discrete insular act of discrimination.

i. **INTERROGATORY NO. 11:** Identify all documents, photos and recordings which you plan to introduce into evidence at the trial of this matter.

**RESPONSE:** Defendant objects that this Interrogatory exceeds the scope of Federal Rule Civil Procedure 26, seeks information protected by the attorney-client privilege, and the work product doctrine. Defendant has not determined which documents, photos, and recordings it plans to introduce into evidence at trial. Without waiving any objection, Defendant identifies and reserves the right to introduce all documents, photos, and recordings produced in this case by either party. Defendant further reserves the right to supplement this Response as additional information is obtained.

**Reasons to Compel: Relevancy:** Rule 26 scope is broad and allows discovery of any matter that is relevant to the claims or defenses of the subject action which would include any documents, photos and recordings that the Defendant intends to introduce at trial. Further under the rules, the Defendant cannot reserve the right

to introduce documents not produced. Finally, Defendant has a DUTY to supplement its responses to interrogatories.

**Attorney Client Privilege:/Work Product Doctrine:** The Defendant has failed to provide any of the information required which would allow opposing counsel and the court to assess the credibility of the assertion of attorney client privilege or work product doctrine. The failure to do so is tantamount to providing no objection. The objection should be stricken.

**j. INTERROGATORY NO. 13:** For each nurse/support staff person which you contend terminated their employment or transferred because of Plaintiff, please list the document or communication and give the name and addresses along with a summary of the facts which you contend buttress such a defense.

**RESPONSE:** Defendant objects that this Interrogatory is compound, duplicative of prior interrogatories, constitutes multiple separate interrogatories, and seeks confidential information from a non-party witness. Defendant also objects on the grounds that this Interrogatory is vague, ambiguous, overly broad, unduly burdensome, and seeks irrelevant information. Defendant further objects on the basis that this Interrogatory is actually a request for production of documents.

**Reasons to Compel:** The Defendant has still not produced the information. The Court should order the Defendant to produce the information or state when it will be produced. Information produced on a rolling basis should have specific dates. Further, the Defendant provided this information to the EEOC as a defense. This interrogatory is a duplication of the manner in which it was to the EEOC. If the information is private, it is the Defendant's responsibility to produce it or drop it as a defense. The Plaintiff is not opposed to a protective order, but the Defendant is seeking to have an overbroad protective order executed where it can complicate responding to motions and use of exhibits at trial. The public has an overwhelming right to know the basis on which cases are decided and Defendants should not be allowed to hide their wrongdoing

from the daylight behind the so-called need to protect employee confidentiality when another employee's livelihood is at stake.

**Boilerplate**: The Defendant's objections are boilerplate which fail to include the specificity required and as such the objection are invalid and of no effect. A party resisting discovery on the basis of burdensomeness is required to demonstrate how complying with the request would be burdensome. The objection fails to show how and as such should be stricken from the response

**Subparts**: The federal rules do not prohibit subpart interrogatories but rather requires that each subpart is interrelated. The interrogatory is properly posed as all of the subparts are related to the issue of employment of pediatricians. Geographical Scope: The information requested is not overbroad as it is limited to pediatricians employed by the Defendant in the State of Mississippi.

**Confidential**: Confidential information of non-parties could be covered by a protective order, by redactions and excisions of private information as the information sought is personnel nor personal. The Defendant has failed to indicate that it will release any information pursuant to a protective order or otherwise.

Form: Documents can be produced in response or the Defendant could list the information. This is not a proper objection for refusing to provide the information.

k. **INTERROGATORY NO. 14:**   From 2007 to 2017, identify and describe in detail   any complaint made to or received by Defendant involving race, sex and/or disability discrimination including:
   a.   the date each complaint was made;
   b.   the identity of the alleged perpetrator;
   c.   the steps taken (if any) by Defendant to investigate the complaint;
   d.   the remedial action taken (if any) by Defendant to respond to the complaint;
   e.   identify the person(s) who conducted the investigation; and

f.    the manner in which said complaint was resolved.

For purposes of this interrogatory, the term "complaint" means any lawsuit or administrative charge filed with the Equal Employment Opportunity Commission or any other state or local human rights or civil rights commission or agency, any letter, complaint, message or note alleging age, gender, disability or racial discrimination that was submitted either informally or formally pursuant to company policies or procedures.

**RESPONSE:** Defendant objects that this Interrogatory is compound and constitutes multiple separate interrogatories. Defendant also objects on the grounds that this Interrogatory is overly broad, unduly burdensome, vague as to the word "complaint," and seeks irrelevant information. This interrogatory seeks information concerning complaints made by employees, regardless of position, and without regard to whether the same decision maker was involved. documents.

Subject to these objections, Defendant is producing documents containing the information responsive to this request. Subject to these objections, Defendant responds that no such "complaints" have been made to or received by Defendant other than those made by Plaintiff and Plaintiff's counsel's husband.

**Reasons to Compel**: Relevancy: The Court should compel the Defendant to provide a complete answer regard to other acts of discrimination because they are relevant to the subject litigation as past acts or other acts of discrimination may show knowledge, intent and or habit of the Defendant regarding discrimination. The Defendant's past acts of discrimination which show intent, knowledge and animus.

**Boilerplate**: The Defendant's objections are boilerplate which fail to include the specificity required as to vagueness, overbreadth and as such the objection are invalid and of no effect. A party resisting discovery on the basis of burdensomeness is required to demonstrate how complying with the request would be burdensome. The objection fails to show how and as such should be stricken from the response

**Subparts**: The federal rules do not prohibit subpart interrogatories but rather requires that each subpart is interrelated.  The interrogatory is properly posed

as all of the subparts are related to the issue of employment of pediatricians.

Geographical Scope: The information requested is not overbroad as it is limited

to pediatricians employed by the Defendant in the State of Mississippi.

**Confidential**: The claims of confidential information of non-parties could be

corrected by redactions and excisions of private information as the information

sought is personnel nor personal.  The parties are negotiating a protective order,

(?) unclear what the Defendant will release pursuant to it. The Defendant seeks to

have an overbroad protective order by labeling every piece of paper produced as

confidential or proprietary.

**Temporal Scope:** The scope is limited to the time that the Plaintiff worked for

the Defendant.  The time period is relevant and critical because one or more of

the of the comparators of the Plaintiff, worked for the Defendant on and off

over the ten-year period and to shorten the time for information would hide the

Defendant's discriminatory actions.  If the Defendant is allowed to restrict the

time period to three (3) years critical information showing disparate treatment

and pretext will be left out of the case, thereby distorting the true picture of the

discrimination that occurred.

j.   **INTERROGATORY NO. 15:**  Describe in detail any and all disciplinary
measures taken by Defendant, including but not limited to written and oral
warnings, informal discussions, reprimands, suspensions and/or terminations
regarding:
a.      Dr. Alur;
b.      Dr. Eakins;
c.      Dr. Harvel;
d.      Plaintiff;
e.      Dr. Wingo;
f.      and any other physician during their employment with Family
        Health Care Clinic, Inc.
Include in your answer the dates and the reasons for such disciplinary measures and

describe what type of corrective action was taken (if any) by Defendant Family Health Care Clinic, Inc. and/or warning(s) were provided by Defendant Health Care Clinic to either of the previously named physicians. If the employment of any physician was terminated, describe the facts relating to the basis for the termination of employment and identify all persons who participated in the decision related to the termination.

**R ESPONSE:** Defendant objects that this Interrogatory is compound and constitutes multiple separate interrogatories. Defendant also objects on the grounds that this Interrogatory is vague, overly broad, unduly burdensome, and seeks irrelevant information. The information sought further invades private and confidential information concerning employees of FHCC.

**Reasons to Compel:**

**Relevancy:** The information sought is relevant and proper in view of the issues and. arguments likely to arise during the course of a claim of discrimination – disciplinary records of comparators. The records of employees may be produced when the information is salient to the issue of discrimination. The information requested in the subject interrogatory goes to the heart of the matter – disparate treatment and or pretext

**Boilerplate**: The Defendant's objections are boilerplate which fail to include the specificity required and as such the objection are invalid and of no effect. A party resisting discovery on the basis of burdensomeness is required to demonstrate how complying with the request would be burdensome. The objection fails to show how and as such should be stricken from the response

**Subparts:** The federal rules do not prohibit subpart interrogatories but rather requires that each subpart is interrelated. The interrogatory is properly posed as all of the subparts are related to the issue of employment of pediatricians.

Geographical Scope: The information requested is not overbroad as it is limited to pediatricians employed by the Defendant in the State of Mississippi.

**Confidential**: The claims of confidential information of non-parties could be

corrected by redactions and excisions of private information as the information sought is personnel nor personal.  The parties are negotiating a protective order, but the Defendant seeks to have an overbroad protective order by labeling every piece of paper produced as confidential or proprietary.

**Temporal Scope:** The scope is limited to the time that the Plaintiff worked for the Defendant.  The time period is relevant and critical because one or two, maybe three of the comparators of the Plaintiff, worked for the Defendant on and off over the ten-year period and to shorten the time for information would hide the Defendant's discriminatory actions.  If the Defendant is allowed to restrict the time period to three (3) years critical information showing disparate treatment and pretext will be left out of the case, thereby distorting the true picture of the discrimination that occurred.

1. **INTERROGATORY NO. 16:**  Describe the organizational chart for Family Health Care Clinic, Inc. and provide the job description for each person listed thereon.
**R ESPONSE:** Defendant objects on the grounds that this Interrogatory is vague, overly   broad, unduly burdensome, and seeks irrelevant information. The information is further proprietary in nature as FHCC is not a publicly traded company. The information sought is further not proportional to the needs of the case and the burden of compliance outweighs the benefit of the discovery.
**Reasons to Compel**: Defendant should be ordered to produce the information as it

has failed to show  this information is proprietary.

**Relevancy**: In discrimination cases the court or trier of fact must determine who

comparators for the plaintiff, the position of the decisionmaker and who may have

influenced the decision maker.

**Boilerplate**: The Defendant's objections are boilerplate which fail to include

the specificity required and as such the objections are invalid and of no effect.

A party resisting discovery on the basis of burdensomeness is required to

demonstrate how complying with the request would be burdensome. The

objection fails to show how and as such should be stricken from the response

**Proprietary**: There is no privilege for proprietary information.

**m. INTERRROGATORY NO. 17:** Identify by method, name and/or contact
information the processes and/or agency(ies) used to conduct the employment
search for Family Health Care Clinic, Inc., for the filling of job vacancies for
medical/administrative professionals from 2007 to 2017.
**R ESPONSE:** Defendant objects on the grounds that this Interrogatory is vague,
overly broad, unduly burdensome, and seeks irrelevant information. The
information is further proprietary in nature as FHCC is not a publicly traded
company. The information sought is further not proportional to the needs of the case
and the burden of compliance outweighs the benefit of the discovery.
**Reasons to Compel: Boilerplate**: The Defendant's objections are boilerplate

which fail to include the specificity required and as such the objections are

invalid and of no effect. A party resisting discovery on the basis of

burdensomeness is required to demonstrate how complying with the request

would be burdensome. The objection fails to show how and as such should be

stricken from the response

**Proprietary**: There is no privilege for proprietary information.

**n. I NTERROGATORY NO. 18:**For each of the following persons state the reason
for termination/transfer:
a.       Dungie Booker;
b.       Tanesha Carson
c        Roshundra Carson;
d.        Samera Fisher;
e.        Shemika Houston;
f.        Keonita Jones;
g.        Era' Neshia Ricks;
h.        Gina Ware-Norwell;
i.        Lesia Williams; Still here.
j.        Warteen Griffin;
k.        Matticia Lay;
l.        KaShona Meachum;

**R ESPONSE:** Defendant objects that this Interrogatory is compound, duplicative of prior interrogatories, and constitutes multiple separate interrogatories. Defendant also objects on the grounds that this Interrogatory is vague, overly broad, unduly burdensome, and seeks irrelevant information. The information sought further invades private and confidential information concerning employees of FHCC. The information sought is further not proportional to the needs of the case and the burden of compliance outweighs the benefit of the discovery.

**Reason to Compel:**
**Relevancy:** The Defendant recited this information in response to Interrogatory 9.

The rules allow discovery of any material related to a claim or defense. The Plaintiff

is not requesting personnel records, but rather targeted information that the

Defendant is relying on as a defense. The Court should compel the Defendant to

produce the requested information.

**Boilerplate**: The Defendant's objections are boilerplate which fail to include

the specificity required and as such the objection are invalid and of no effect.

A party resisting discovery on the basis of  burdensomeness is required to

demonstrate how complying with the request would be burdensome. The

objection fails to show how and as such should be stricken from the response

**Subparts:** The federal rules do not prohibit subpart interrogatories but rather

requires that each subpart is interrelated.  The interrogatory is properly posed

as all of the subparts are related to the issue of why this group of people

resigned. The interrogatory is not compound. It is presented in the manner in

which the Defendant presented it to the EEOC - as if it was all one issue – in

defense of the adverse action taken against Dr. Hightower.

 **Confidential**: The claims of confidential information of non-parties could be

corrected by redactions and excisions of private information as the information

sought is personnel nor personal.  The parties are negotiating a protective order,

but the Defendant seeks to have an overbroad protective order by labeling every

piece of paper produced as confidential or proprietary.

o. **INTERROGATORY NO. 19:**  Please provide information for the following as well as the identity of the "IT" person for FHCC:

a.  "the number, types, and locations of computers currently in use and no longer in use;

b.  the operating systems and application software the company is using including the dates of use;

c.  the company's file-naming and location-saving conventions·

d.  disk-or tape-labeling conventions · backup and archival disk or tape inventories or schedules;

e.  the most likely locations of electronic records relevant to the subject matter of the case;

f.  backup rotation schedules and archiving procedures, including any backup programs in use at any relevant time·

  g.  electronic-records-management policies and procedures; ·

h.  corporate policies regarding employee use of company computers and data;

i.  the identities of all current and former employees who have or had access to network administration, backup, archiving, or other system operations during the relevant period.

**R ESPONSE:** Defendant objects that this Interrogatory is compound and constitutes multiple separate interrogatories. Defendant also objects on the grounds that this Interrogatory is vague, overly broad, unduly burdensome, and seeks irrelevant information. The information sought further invades private and confidential information concerning employees of FHCC. The information sought is further not proportional to the needs of the case and the burden of compliance outweighs the benefit of the discovery.

**Reasons to Compel**: Please see Reasons to Compel under Interrogatory number 3 for

boilerplate, compound and burdensome objections.  There is no indication that privacy

concerns should come into play with this interrogatory. Moreover, this is information

that should have been freely provided at the pre-case management conference, in

which the Defendant's attorney refused to engage, thereby, necessitating this question.

The Court should order the information produced as the Defendant has again

reflexively posited boilerplate objections without any attempt to comply with the

specificity requirements of FRCP 33.

p. **REQUEST NO. 1:**   Provide a copy of any written, recorded statements, messages, chats, emails, affidavits or documents concerning this action or claim.
**RESPONSE:** Defendant objects that this Request seeks information protected by the attorney-client privilege and the work product doctrine. Defendant also objects to the extent this Request calls for a legal conclusion and is overly broad and vague as to the word "statements." Defendant further objects to this request because it lacks the "reasonable particularity" required by Rule 34 to the extent it seeks a copy of "any . . . documents concerning this action or claim." Defendant further objects to the extent this Request seeks confidential information, including from non-party employees.

**Reasons to Compel:**
**Boilerplate**: The Defendant's objections are boilerplate which fail to include

the specificity required and as such the objection are invalid and of no effect.

A party resisting discovery on the basis of vagueness is required to demonstrate

how the request is vague. The objection fails to show how and as such should

be stricken from the response

**Attorney Client Privilege:/Work Product Doctrine:** The Defendant has failed to

provide any of the information required which would allow opposing counsel and

the court to assess the credibility of the assertion of attorney client privilege or work

product doctrine.  The failure to do so is tantamount to providing no objection. The

objection should be stricken.

**Relevancy**: The request is relevant to the information that the Defendant has in their

possession regarding the subject lawsuit which could reflect witness statements,

statements by the plaintiff, co-workers, supervisors which are relevant to the

prosecution of the claim as well its defense.

**Reasonable Particularity**: It is disingenuous for the defendant's attorney to query

what the word statement means. One is only required to bring the knowledge of an

ordinary man to the table to answer the questions posed.

**Confidentiality:**  Every statement by a non-party employee is not subject to a designation of confidentiality.

**q. REQUEST NO. 2:**  Please produce any and all documents created, referred to, relied on and/or referenced in the investigation of the subject case, claim, equal employment opportunity charge, lawsuit or in responding to Interrogatory Number 4, 5, 8, 10, 11, 13, 14, 15 and 19 propounded to you

**RESPONSE:** Defendant objects that this Request seeks information protected by the attorney-client privilege and the work product doctrine. Defendant further objects that this all-inclusive Request is overly broad, unduly burdensome, and vague. Defendant also incorporates Defendant's objections to Plaintiff's Interrogatories   "reasonable particularity" required by Rule 34 to the extent it seeks a copy of "any and all documents" referred to, relied on and/or referenced from multiple interrogatories. Defendant also objects that Request No. 2 seeks confidential information regarding non-party employees.

In accordance with the Advisory Committee's note on Rule 34(b)(2)(C), the search for responsive and discoverable documents has been limited based on the above objections and documents beyond that scope are being withheld. Subject to and without waiving these objections, please refer to Defendant's production and disclosures, including DEF 000001-0000017, DEF 000036-000040, DEF 000046-000047, DEF 000049-000066, DEF 000071-000079.

**Reason to Compel:** The requests are self-limiting in terms of the requested materials.

Further, the fact that the Defendant produced documents in response to any of the above Request for Production of Documents says that the Request is specific enough that documents can be produced, and you have specifically failed to state whether there are other documents that exist. .  Further, the Defendant states that it has not searched for responsive documents beyond those that are related to the Plaintiff as such the Defendant cannot show burdensomeness.

**Confidential**: With regard to having only produced Plaintiff's documents, the Defendant has failed to state that other documents could be produced pursuant to a protective order. There is no blanket privilege to withheld personnel records if the information is relevant to the issue of a plaintiff's discrimination case.

**Boilerplate:** The Court should order the records produced because of the boilerplate objections.

**Attorney-Client Privilege:**   assertion of attorney-client privilege with the failure to provide a privilege log.

 **r. REQUEST NO. 3** Please produce any and all contracts or physician employment agreements executed for pediatricians during 2007 – 2017 with Family Health Care Clinic, Inc.

**R ESPONSE:** Defendant objects that this Request is overly broad, unduly burdensome, and seeks irrelevant information. It is not reasonably limited in time, or scope of practice, or any other parameter. These contracts are also proprietary in nature and subject to employee confidentiality. The request is so broad and unlimited that it is not proportional to the needs of the case and the burden of compliance outweighs the benefit of the discovery. In accordance with the Advisory Committee's note on Rule 34(b)(2)(C), the search for responsive and discoverable documents has been limited based on the above objections and documents beyond that scope are being withheld. Subject to and without waiving these objections, please refer to Defendant's production of documents that includes Plaintiff's contract, DEF 000269-000274

**Reasons to Compel:**  Please see Reasons to Compel under Interrogatory number 3 for boilerplate, compound and burdensome objections.   The Defendant's production or records with regard to the Plaintiff clearly demonstrates that the interrogatory is specific enough.   The requested contracts are relevant to the issue of discrimination with regard to compensation and terms and conditions of employment.   The contracts set out the basic terms and conditions for salaries and performance requirements. Therefore, they are relevant to the issue of discriminatory pay, terms and conditions of employment, as well.

**Proprietary:**  There is no privilege for proprietary information. The Court should order the defendant to provide the requested information.

**s. REQUEST NO. 4:**  Please produce a copy of the entire personnel file of Dr. Phyllis Hightower including the front and back jacket folder or file cover.

**RESPONSE:** Please refer to Defendant's production and initial disclosures.

**Reason to Compel:**  While it appears that the Defendant has complied with the

above request it is impossible to determine if it has. It references no Bates Numbers

with regard to its Initial disclosures or the present one.  Is it the entire personnel

folder?  Were any documents withheld? Further, it is an inappropriate response to

a Request for Production which can only reference materials produced in response

to discovery by referencing Bates Numbers.

t. **REQUEST NO. 5**:   produce a copy of the entire personnel files of the
pediatricians who were employed by Family Health Care Clinic, Inc., from 2007 to
2017. Please see the definition of Personnel file which provides what information
may be redacted or excised for privacy purposes.

**R ESPONSE:** Defendant objects that this Request is overly broad, unduly
burdensome, seeks confidential information, and seeks irrelevant information. It is
not reasonably limited in time, scope, or any other parameter.  Defendant objects
to the production of the personnel files  of employees are privileged and private
files of these individuals and not subject to production. The information is
employee protected confidential and proprietary information of FHCC. The request
is so broad and unlimited that it is not proportional to the needs of the case and .the
burden of compliance outweighs the benefit of the discovery.

In accordance with the Advisory Committee's note on Rule 34(b)(2)(C), the
search for responsive and discoverable documents has been limited based on the
above objections and documents beyond that scope are being withheld. Subject to
and without waiving these objections, please see Defendant's production and
disclosures, including Plaintiff's personnel file.

**Reasons to Compel:** Please see Reasons to Compel under Interrogatory number 3 for

boilerplate, compound and burdensome objections.

**Relevancy:** The requested personnel files are relevant to the issue of discrimination

with regard to compensation, termination, discipline and terms and conditions of

employment.

**Confidentiality:** The information that a plaintiff needs in a discrimination case is

often in the possession of the Defendant employer and maybe contained in the files

of a co-worker. There is no blanket provision with regard to personnel files and

they may be produced when they contain information relevant to a plaintiff's

discrimination action. The Court should order the defendant to provide the requested information.

**u.    REQUEST NO. 6:** Please produce a copy of the job description of Pediatrician for Family Health Care Clinic, Inc. for the period from 2007 to 2017. **RESPONSE:** Plaintiff objects that this request is overly broad. Subject to this objection, please refer to Defendant's production, including Pediatrician's job description.
**Reasons to Compel**: Please see Reasons to Compel under Interrogatory number 3

for boilerplate, compound and burdensome objections. The Defendant has recited

that the subject request is overbroad without more.

**Relevancy**: The job description of a Plaintiff in a Title VII case is basic. The job

description is pertinent for determining comparators and or pretext. The Defendant

produced the job description from 2018 which is clearly irrelevant for all purposes

of any kind of action taken with regard to the Plaintiff.

**Temporal Scope:** The scope is limited to the time that the Plaintiff worked for

the Defendant. The time period is relevant and critical because one or more of

the comparators of the Plaintiff, worked for the Defendant on and off over the

ten-year period and to shorten the time for information would hide the

Defendant's discriminatory actions. If the Defendant is allowed to restrict the

time period to three (3) years critical information showing disparate treatment

and pretext will be left out of the case, thereby distorting the true picture of the

discrimination that occurred.

v. **R EQUEST NO. 7**:   Please produce a copy of any and all documents, including but not limited to emails, correspondence, memoranda, texts, notes, publications, awards and/or lists regarding performance, evaluations, complaints, counseling, suggestions and/or any other communications regarding:
      a.     Dr. Phyllis Hightower
      b.     Dr. Wingo,
      c.     Dr. Eakins,

      d.    Dr. Alur; and

      e.    any other pediatrician employed by Family Health Care Clinic, Inc., from
2007 to the 2017.

**R ESPONSE:** Defendant objects that this Request seeks information protected by
the attorney-client privilege and the work product doctrine. Defendant further objects that
this all-inclusive Request is overly broad, unduly burdensome, vague, and seeks irrelevant
information. Defendant further objects to this request because it lacks the "reasonable
particularity" required by Rule 34 to the extent it seeks a copy of "any and all documents
… regarding" the named individuals. The request is so broad and unlimited that it
is not proportional to the needs of the case and the burden of compliance outweighs the
benefit of the discovery. Specifically, this request seeks all communications concerning
all pediatricians from 2007 to 2017 without limitation as to custodian or whether such
communications are related to the allegations in the case and/or whether the
communications involved persons who had purely clerical roles. Defendant objects to the
production of the personnel files of employees that are privileged and private files of these
individuals and not subject to production.

      In accordance with the Advisory Committee's note on Rule 34(b)(2)(C), the
search for responsive and discoverable documents has been limited based on the
above objections and documents beyond that scope are being withheld. Subject to
and without waiving the objections, please see Plaintiff's production and
disclosures, including DEF 000001-000040; 000041-000079; 0000150-000197,
which includes documents concerning Plaintiff.

**Reasons to Compel:**

Please see Reasons to Compel under interrogatory 3 for boilerplate, compound and

burdensome objections. The Defendant's assertion of attorney-client privilege and

work product doctrine without the supporting information is a non-responsive answer

and should be stricken from the record.

**Relevancy:** The requested documents are relevant to the issue of discrimination

with regard to compensation, termination, discipline and terms and conditions of

employment as the documents requested seek information regarding performance,

evaluations, etc. which a plaintiff in a title VII case can use to demonstrate

disparate treatment or pretext.

**Confidential:** The information that a plaintiff needs in a discrimination case is

often in the possession of the Defendant employer and maybe contained in the files

of a co-worker or in documents not maintained in the personnel file. There is no

blanket provision with regard to information concerning other employees and they may be produced when they contain information relevant to a plaintiff's discrimination action. The Defendant again seeks to withhold information behind the guise of privacy and or proprietary information, but this is  not a shield to obtaining this information. If it is relevant it should be produced and furthermore, the Defendant has failed to state that the information would be provided pursuant to a protective order.   The Court should order the defendant to provide the requested information.

**w.**     **REQUEST NO. 8:**     Please produce a copy of all documents, including emails, chats, text, correspondence, and or recordings concerning any communication by or between Family Health Care Clinic, Inc., employees concerning
a.        Plaintiff, Dr. Phyllis Hightower,
b.        Dr. Wingo,
c.        Dr. Eakins,
d.        Dr. Alur; and
e.        any other Pediatrician employed by Family Health Care Clinic, Inc., from 2007 to 2017.
**RESPONSE:** Defendant objects that this Request seeks information protected by the attorney-client privilege and the work product doctrine.  Defendant further objects that this all-inclusive Request is overly broad, unduly burdensome, vague, seeks irrelevant information, and fails to describe each item and category with reasonable particularity. The request is so  broad and unlimited that it is not proportional to the needs of the case and the burden of compliance outweighs the benefit of the discovery. Specifically, this request seeks all communications by an employee concerning all pediatricians from 2007 to 2017 without limitation as to custodian or whether such communications are related to the allegations in the case and/or whether the communications involved persons who had purely clerical roles. Defendant further objects to this request because it lacks the "reasonable particularity" required by Rule 34 to the extent it seeks a copy of "any and all documents ... concerning" the named individuals. Defendant objects to the production of the personnel files of employees are privileged and private files of these individuals and not subject to production.

        In accordance with the Advisory Committee's note on Rule 34(b)(2)(C), the search for responsive and discoverable documents has been limited based on the above objections and documents beyond that scope are being withheld. Subject to and without waiving these objections, please refer to Defendants' production and

disclosures, including DEF 000001-000040; 000041-000079; 0000150-000197, which includes documents concerning Plaintiff.

**Reasons to Compel:**

**Attorney-Client Privilege/Work Product**: The Defendant's assertion of attorney-client privilege and work product doctrine without the supporting information is a non-responsive answer and should be stricken from the record. Please see Reasons to Compel under Interrogatory number 3 for boilerplate, compound and burdensome objections. Likewise, the Defendant has recited boilerplate objections without any specifics as to why the interrogatory is overbroad, vague or burdensome is invalid.

**Relevancy:** The requested documents are relevant to the issue of discrimination with regard to compensation, termination, discipline and terms and conditions of employment. The Plaintiff is seeking information regarding the communication of other employees concerning her and other pediatricians. This information may not be in the personnel file. It may simply be a note between two administrative persons about a matter that was observed but not commented on but later used negatively with regard to the Plaintiff but not her comparator. The Defendant relies "reports" of other employees that may never make it into the employee personnel file based on the discovery received thus far.

**Confidentiality:** The information that a plaintiff needs in a discrimination case is often in the possession of the Defendant employer and maybe contained in the files of a co-worker or in documents not maintained in the personnel file. There is no blanket provision with regard to information concerning other employees and they may be produced when they contain information relevant to a plaintiff's discrimination action. If it is relevant it should be produced and furthermore, the

31

Defendant has failed to even state that the information would be provided pursuant to a protective order. The Defendant has failed to provide the information necessary to sustain a claim of privilege. The Court should order the defendant to provide the requested information.

**Reasonable Particularity:** If the Defendant can discern what documents are relevant to the Plaintiff, the request has sufficient specificity.

x. **REQUEST NO.10:**   Please produce a copy of any and all documents that RELATE OR PERTAIN TO PLAINTIFF, regardless of whether they are contained in PLAINTIFF's personnel file.
**RESPONSE:** Defendant objects that this Request seeks information protected by the attorney-client privilege and the work product doctrine. Defendant further objects that this all-inclusive Request is overly broad, unduly burdensome, vague, seeks information not relevant to the claims or defenses in this case. Defendant further objects to this request because it lacks the "reasonable particularity" required by Rule 34 to the extent it seeks a copy of "any and all documents ... that relate or pertain" to Plaintiff. The request is so broad and unlimited that it is not proportional to the needs of the case and the burden of compliance outweighs the benefit of the discovery. Specifically, this request seeks a copy of "any and all documents that relate or pertain to Plaintiff" without limitation as to custodian or whether such communications are related to the allegations in the case and/or whether the communications involved persons who had purely clerical roles.
In accordance with the Advisory Committee's note on Rule 34(b)(2)(C), the search for responsive and discoverable documents has been limited based on the above objections and documents beyond that scope are being withheld. Subject to and without waiving these objections, please refer to Plaintiff's production and disclosures, including DEF 000001-000040; 000041-000079; 0000150-000197, which includes documents concerning Plaintiff.
**Reasons to Compel:**  Plaintiff is entitled to the documentation that the Defendant employer has regarding her, because it will reveal motive or intent.

**Boilerplate:** The Defendant's assertions of overbroad and burdensome are of no effect with regard to the plaintiff and her records. Information on the Plaintiff is relevant in this case regardless of who generated it. Any claim of vagueness is belied by production of documents regarding Plaintiff.

**Relevancy**: The Defendant has indicated that it relies on clerical staff as spies regarding employees therefore any documents generated by "clerical" staff would be relevant in the subject case. Please see prior request regarding the Defendant's reliance on "reports" from other employees.

y. **REQUEST NO. 11 :**   produce a copy of any and all personnel manuals, employee handbooks, benefits manuals and salary schedules which were applicable to PLAINTIFF at any time during her employment with Family Health Care Clinic, Inc.

**RESPONSE: Defendant** objects to the extent Plaintiff seeks information not relevant to the Plaintiff's claims in this case, is overly broad, and unduly burdensome. Without waiving these objections and subject to them, please refer to Plaintiff's Employee Handbook as of 2016, DEF 000198-000268, and the Code of Conduct, DEF 000018-000035.

**Reasons to Compel**:

**Boilerplate**:   The Defendant has recited that the subject request is overbroad without more.

**Relevancy:** The personnel policies procedures and manuals of the Defendant are basic information in a Title VII and ADA case.  The information contained in the above referenced documents is pertinent for determining whether the Defendant administered its policies with regard to leave, accommodation requests such as part-time, pay, discipline and termination discriminatorily or if the proffered reason was pretext.  The Defendant produced materials from 2016 with and claim over breadth and burdensome with regard to the other years requested by the Plaintiff. However, the requested documents that Plaintiff worked under are definitely relevant with regard to the failure to terminate others for the same or similar or worse circumstances than that which the Plaintiff was accused. Again, the Defendant seeks to skew the information presented but the documents requested for the entire time period are relevant to plaintiff's claim of a hostile work environment, pay,

adverse action and terms and conditions of employment because they will show

whether or not the Defendant has consistently enforced its policies and procedures

regardless of race and or disability, especially when you are dealing with

comparators who have been employed over the same period of time. it appears to

be obstructionist to refuse to produce one within the relevant time frame.

Furthermore, what is so burdensome about producing personnel manuals, etc.

Further, it should not require geographical limits because the personnel manual,

policies should be uniform regardless of location.  Discrimination is prohibited in

the United States. Do pediatricians in Alabama and Georgia have significantly

different duties than pediatricians in Mississippi?  However, the Plaintiff is only

interested in the documents for Mississippi during her term of employment.

z. **REQUEST NO. 12 :** Please produce the complete salary and wage records, W-2s and  1099s forms for every year for Plaintiff and all other persons employed as a Pediatrician by Family Health Care Clinic, Inc. from 2007 to 2017.

**R ESPONSE:** Defendant objects that this Request is overly broad, unduly burdensome, vague, seeks confidential information, and seeks information not relevant to the claims or defenses in this case. This Request is not reasonably limited in time or scope. The request is so broad and unlimited that it is not proportional to the needs of the case and the burden of compliance outweighs the benefit of the discovery. Defendant objects to the production of the personnel files of employees are privileged and private files of these individuals and not subject to production.

In accordance with the Advisory Committee's note on Rule 34(b)(2)(C), the search for responsive and discoverable documents has been limited based on the above objections and documents beyond that scope are being withheld. Subject to and without waiving these objections, Plaintiff will produce responsive documents for Plaintiff.

**Reasons to Compel:**

**Boilerplate:**   The Defendant has recited boilerplate objections without any

specifics as to why the interrogatory is overbroad, vague or burdensome. The

requested wage information is  relevant to the issue of discrimination with regard

to compensation and terms and conditions of employment.

**Confidentiality:** The information that a plaintiff needs in a discrimination case is often in the possession of the Defendant employer and maybe contained in the files of a co-worker. There is no blanket provision with regard to the production of this information and it may be produced when they contain information relevant to a plaintiff's discrimination action. The Defendant has failed to even state that the information would be provided pursuant to a protective order.

**Relevancy:** The Plaintiff has alleged that she performed additional duties without pay but that white employees were paid to perform additional duties are refused to do so.  The Plaintiff has also alleged that she was paid less than her white comparators.  The Plaintiff worked on Saturdays to make up the difference in pay between  her and her white comparators. The Defendant has submitted redacted information to the EEOC claiming that the plaintiff was paid less because she was only a pediatrician, but all persons employed in the pediatric unit were just "pediatricians".   Therefore, it is unclear who the comparators are that the Defendant submitted to the EEOC. The Defendant again seeks to withhold information behind the guise of privacy and or proprietary information, but this is not a shield to obtaining this information. If it is relevant and this information is with regard to the Plaintiff's discrimination in compensation claim, it should be produced. The Court should order the defendant to provide the requested information.

**aa. REQUEST NO. 13:** Please produce a copy of any and all DOCUMENTS that RELATE OR PERTAIN TO any write-ups, complaints, comments, criticisms or warnings, oral or written, concerning any Pediatrician's employment with Family Health Care Clinic, Inc. from 2007 to 2017.

**RESPONSE:** Defendant objects that this Request is overly broad, unduly burdensome, vague, seeks confidential information, seeks information not relevant to the claims or defenses in this case. Defendant further objects to this request because it lacks the "reasonable particularity" required by Rule 34 to the extent it seeks a copy of "any and all documents … that relate or pertain to" any Pediatrician from 2007 to 2017. This Request is not reasonably limited in time or scope. The Request is so broad and unlimited that it is not proportional to the needs of the case and the burden of compliance outweighs the benefit of the discovery. Defendant objects to the production of the personnel files of employees are privileged and private files of these individuals and not subject to production.

  In accordance with the Advisory Committee's note on Rule 34(b)(2)(C), the search for responsive and discoverable documents has been limited based on the above objections and documents beyond that scope are being withheld. Subject to and without waiving these objections, please see Defendant's production and disclosures, including DEF 000001-000017, DEF 000036-000040; DEF 000046-000066; DEF 000071-000079.

**REASONS TO COMPEL:**

**Boilerplate:** The Defendant has again recited boilerplate objections without any specifics as to why the interrogatory is overbroad, vague or burdensome and as such is invalid.  .

**Reasonable Particularity:** The interrogatory has the requisite specificity as it is an average man would be able to discern what the request was seeking. If the Defendant can discern what documents are relevant to the Plaintiff, the request has sufficient specificity

**Relevancy:** The requested documents are relevant to the issue of discrimination with regard to compensation, termination, discipline and terms and conditions of employment. Here, the plaintiff suffered an adverse action – termination for alleged minor infractions that were brought to the attention of the CEO by hearsay and texts. The Plaintiff has also alleged a hostile work environment under race and disability.  The requested information should  reflect who was reduced to part-time, infractions, complaints, suggestions, pay, and terms of conditions of employment – additional duties assigned and if there was

additional compensation for such.

**Confidentiality:** The information that a plaintiff needs in a discrimination case is often in the possession of the Defendant employer and maybe contained in the files of a co-worker or in documents not maintained in the personnel file. There is no blanket provision with regard to information concerning other employees and they may be produced when they contain information relevant to a plaintiff's discrimination action.  The Defendant has failed to even state that the information would be provided pursuant to a protective order. Instead, the Defendant states that it is not subject to production. The Defendant again seeks to withhold information behind the guise of privacy and or proprietary information, but this is  not a shield  to obtaining this information. If it is relevant it should be produced. The Court should order the defendant to provide the requested information.

**bb. REQUEST NO. 14:**  **Any** and all e-mails, notes, memoranda or other DOCUMENTS that RELATE OR PERTAIN TO any and all COMMUNICATIONS by, between or among any of YOUR current or former employees, officers or representatives that in any way RELATE OR PERTAIN TO PLAINTIFF.

**RESPONSE:** Defendant objects that this Request seeks information protected by the attorney-client privilege and the work product doctrine. Defendant further objects that this all-inclusive Request is overly broad, unduly burdensome, vague, ambiguous, and seeks information not relevant to the claims or defenses in this case. Defendant further objects to this request because it lacks the "reasonable particularity" required by Rule 34 to the extent it seeks a copy of "any and all emails, notes, memoranda or other documents that relate or pertain to any and all communications." The Request is so broad and unlimited that it is not proportional to the needs of the case and the burden of compliance outweighs the benefit of the discovery. Specifically, this request seeks a copy of "any and all ... documents" that relate or pertain to Plaintiff without limitation as to custodian or whether such communications are related to the allegations in the case and/or whether the communications involved persons who had purely clerical roles.

In accordance with the Advisory Committee's note on Rule 34(b)(2)(C), the search for responsive and discoverable documents has been limited based on the above objections and documents beyond that scope are being withheld. Subject to and without waiving these objections, please see Defendant's production and disclosures, including

DEF 000001-000040; DEF 000041-000044; DEF 000046-000079; DEF 0000150-000197.

**Boilerplate:** Again, the Defendant has recited boilerplate objections without any specifics as to why the interrogatory is overbroad, vague or burdensome and such the objection is invalid.

**Attorney-Client Privilege/Work Product**: The Defendant's assertion of attorney-client privilege and work product doctrine without the supporting information is a non-responsive answer and should be stricken from the record.

**Reasonable Particularity:** The interrogatory has the requisite specificity as it is related to the employment of pediatricians with the Defendant in Mississippi during the relevant time frame – Plaintiff's years of employment.

Relevancy: The requested documents are relevant to the issue of discrimination with regard to compensation, termination, discipline and terms and conditions of employment. Here, the plaintiff suffered an adverse action – termination for alleged minor infractions that were brought to the attention of the CEO by hearsay and texts. The Plaintiff has also alleged a hostile work environment under race and disability. The requested information should reflect who was reduced to part-time, infractions, complaints, suggestions, pay, and terms of conditions of employment – additional duties assigned and if there was additional compensation for such.

cc. **REQUEST NO. 16:** Please produce the Vaccines for Children Program Contract with the associated Provider Agreements for Family Health Care Clinic, Inc. from 2007 to the present.

**RESPONSE:** Defendant objects that this Request is unduly burdensome and seeks information not relevant to the claims or defenses in this case. This Request is not reasonably limited in time or scope.

**Reasons to Compel**:  The Defendant's objection of unduly burdensome without more is a non-response and as such should be stricken from the record. The party resisting discovery has the burden. The requested documents relate to several issues in the case: discrimination with regard terms and conditions of employment, compensation and the failure to promote.  The Plaintiff's signature was used on the document in question to secure vaccines for the entire state of Mississippi. The Plaintiff's signature was placed over the signatory line for Medical Director. White pediatricians refused to have their signature used and weren't.  The Plaintiff was ignored when she made the same request.  The Defendant stated to the EEOC that they would not have considered the Plaintiff for the position but yet it used her signature on this form. The Plaintiff believes that her signature was used on the form while a black male who was paid for the position but did not have the requisite license to sign the form was CMO.  The documents from all the years requested are relevant to show intent, knowledge and animus.

dd. **REQUEST NO. 17:** Please produce any and all documents of the exit interview, resignation letter, memorandum, unemployment compensation application providing/referencing the reason for termination/or request for transfer that support your contention as asserted in your Answer to the subject complaint and the EEOC charge that the following individuals separated/transferred from employment with the Defendant because of the Plaintiff and which  support any contentions or statements set forth in response to Interrogatory No.13:

a.      Dungie Booker
     b.      Tanesha Carson
     c.      Roshundra Carson
     d.      Samera Fisher
     e.      Shemika Houston
     f.      Keonita Jones
     g.      Era' Neshia Ricks
     h.      Gina Ware-Norwell
     i.      Lesia Williams
     j.      Warteen Griffin

   k.  Matticia Lay
   l.  KaShona Meachum

**R ESPONSE:** Defendant objects to the production of the personnel files of non-party employees that are privileged and private files of these individuals and not subject to production. Defendant further objects to this Request as overly broad and unduly burdensome, and to the extent it seeks information not relevant to the claims or defenses in this case. The request is so broad and unlimited that it is not proportional to the needs of the case and the burden of compliance outweighs the benefit of the discovery. Defendant also incorporates Defendant's objections to Interrogatory No. 13.

**Reasons to Compel:**

**Boilerplate:** Again, the Defendant has recited boilerplate objections without any specifics as to why the interrogatory is overbroad, vague or burdensome and such the objection is invalid.

**Relevancy:** Defendant introduced the above to the EEOC in defense of its termination of Dr Hightower. Therefore, the requested information is relevant to their defense. This request is a duplication of the manner in which it was to the EEOC.

Defendant recited the usual boilerplate but then indicated that it would produce documents in Response to Interrogatory number 13. but did not indicate when. The Defendant has still not produced the information.  The Court should order the Defendant to produce the information or state when it will be produced. Information produced on a rolling basis should have specific dates.

**Confidentiality:** The Defendant seeks to hide behind the assertion that the information requested involves a non-party employee but fails to assert that this information may be produced under a protective order.  There is no blanket bar to information regarding a non-party employee.  The information sought maybe provided if it is relevant to a plaintiff's employment discrimination claim.

If the information is private, it is the Defendant's responsibility to produce it or

drop it as a defense.

ee. **R EQUEST NO. 18:** Please produce any and all documents relating to the
investigation of the 2015 incident wherein Dr. Hightower alleged that she was
attacked by Dr. Wingo.
**RESPONSE:**   Defendant objects to the extent Request No. 18 seeks
information protected by the attorney-client privilege and work product doctrine.
Defendant further objects that "any and all documents relating to" fails to identify
documents with the required specificity, is overly broad, and seeks confidential
information regarding a non-party employee.
    In accordance with the Advisory Committee's note on Rule 34(b)(2)(C), the
search for responsive and discoverable documents has been limited based on the
above objections and documents beyond that scope are being withheld. Subject to
and without waiving these objections, please see Defendant's production and
disclosures, including DEF 000001-DEF000007; DEF 000009; DEF 000037-
000038; DEF 000049-000052.
**Reasons to Compel:** The assertion of the attorney client or work privilege without

the information required by the rules is tantamount to no objection at all.  The

Defendant's objection that the request is overly broad and vague are no more than

boilerplate and as such are invalid.

**Confidentiality:** The Defendant seeks to hide behind the assertion that the

information requested involves a non-party employee but fails to assert that this

information may be produced under a protective order.  There is no blanket bar to

information regarding a non-party employee.  The information sought maybe

provided if it is relevant to a plaintiff's employment discrimination claim.

**Specificity**:  The information sought is specific – the 2015 incident between Dr.

Wingo and Dr. Hightower. The any and all must fail as disingenuous.  Further, the

any and all did not prohibit the Defendant from producing information with regard

to Dr. Hightower. This particular incident involves the Plaintiff and another

physician who physically attacked the Plaintiff but was not attacked.   The

Defendant employer asserts that the Plaintiff was terminated for "assaulting" a co-worker.  The assault consisted of returning the Plaintiff's own property to her exam room after the physician removed it without permission.  There was no allegation of touching of any sort. Unlike the subject of this interrogatory who left her nail prints in the Plaintiff's arm.  Moreover, the Defendant alleges that it was the other physician who lodged a formal complaint.  The Plaintiff said she raised a formal complaint.  Where is the investigation with regard to that complaint? Where is the other doctor's formal complaint?  These records are certainly relevant and outweigh any claim of burdensomeness or proportionality.

ff.  **REQUEST NO. 19:** Please   produce   the   documents   that   support   the response(s)  to Interrogatory No. 10 of all persons from Family Health Care Clinic Inc.'s employ who requested Family and Medical Leave Act Request including: (1) the position in which the person was employed at the time; (2) the request for FAMLA [sic], (3) the dates of the requested leave, (4) the actual date of return to work; (5) the date of termination of separation and 6) the reason for separation.
**R ESPONSE:** Defendant objects that this Request is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses in this case. This Request is not reasonably limited in time or scope. Defendant further objects that this Request is compound  and constitutes multiple requests. The request is so broad and unlimited that it is not proportional to the needs of the case and the burden of compliance outweighs the benefit of the discovery. Defendant objects to the production of the personnel files of employees are privileged and private files of these individuals and not subject to production. Defendant also incorporates Defendant's objections to Interrogatory No. 11.
        In accordance with the Advisory Committee's note on Rule 34(b)(2)(C), the search for responsive and discoverable documents has been limited based on the above objections and documents beyond that scope are being withheld. Subject to and without waiving these objections, please see DEF 000067-000070.
**REASONS TO COMPEL:**

**Boilerplate**: The Defendant's objections are boilerplate which fail to include the specificity required and as such the objection are invalid and of no effect.

A party resisting discovery on the basis of  burdensomeness is required to

demonstrate how complying with the request would be burdensome. The

objection fails to show how and as such should be stricken from the response

**Subparts:** Not relevant to Request for Production of Documents.

**Confidential:** The claims of confidential information of non-parties could be

corrected by redactions and excisions of private information as the information

sought is personnel nor personal. The parties are negotiating a protective order,

but the Defendant seeks to have an overbroad protective order by labeling every

piece of paper produced as confidential or proprietary.

gg. **REQUEST NO. 20:** Please produce any and all documents which you contend
support any of the affirmative defenses relied upon in your Answer.
**RESPONSE:** Defendant objects that this request lacks the reasonable
particularity required by Rule 34 to the extent it seeks "any and all documents
which you contend support. Defendant further objects to the extent this request is
a contention interrogatory and discovery has only recently begun and to the extent
this request invades the attorney-client privilege and work product doctrine.
Without waiving any objection and subject to them, Defendant refers to all
documents produced by either party in this case.
**REASONS TO COMPEL:** Contention interrogatories are allowed. The request

is sufficiently specific that a person ordinary intelligence could ascertain what was

being requested.

**Attorney-Client privilege:** Attorney-client and work product privilege doctrine

objection is not supported as required by the rules.

hh. **REQUEST NO. 21:** Please produce the job search results for documents
related to position for Chief Medical Officer and pediatrician during 2007 to 2017.
**R ESPONSE:** Defendant objects that this Request is overly broad, unduly
burdensome, vague, ambiguous as to the terms "job search results for documents
related to," seeks information not relevant to the claims or defenses in this case,
and fails to describe each item and category with reasonable particularity as
required by Rule 34. This Request is not reasonably limited in time or scope. The
request is so broad and unlimited that it is not proportional to the needs of the case
and the burden of compliance outweighs the benefit of the discovery. Specifically,
this request seeks documents "related to the position of" CMO and pediatricians

from 2007 to 2017 without limitation as to custodian or whether such communications are related to the allegations in the case and/or whether the communications involved persons who had purely clerical roles.
**Reasons to Compel:**

Boilerplate: The Defendant again recites boilerplate objections without the requisite specificity set out in the rules.

**Relevancy:** The information requested is relevant to the claim of failure to promote with regard to the Chief Medical Officer position. When was the CMO hired? There was no announcement of vacancies, when the person was hired, and it was also touted as a non-paying position. The credentials of the position are also at issue since the Defendant stated it would not hire the Plaintiff for this position but used her signature as the Medical Director and may have hired someone who was not qualified. So, the job search information is relevant, how can the plaintiff apply for a vacancy that she isn't aware of or when she inquiries about the position is told that it is a non-paying position. The job search information for the time period requested is relevant to all of the above issues.

ii. **REQUEST NO. 22:** Please produce the E-Clinical or other productivity reports or patient encounter logs for Pediatricians from 2007 to 2016.
**R ESPONSE:** Defendant objects that this Request is overly broad, unduly burdensome, vague, and seeks information not relevant to the claims or defenses in this case. This Request is not reasonably limited in time or scope. The request is so broad and unlimited that it is not proportional to the needs of the case and the burden of compliance outweighs the benefit of the discovery. Defendant also objects to the extent this request seeks HIPAA protected patient information.
**Reasons to Compel:**

**Boilerplate:** The Defendant again recites boilerplate objections without any information to support its assertions. The rules are clear such assertions are invalid. The information requested is not broad as it limited in years to the time that the Plaintiff worked for the Defendant.

**Relevancy:** The information is relevant to the claims of discrimination. The

44

Defendant is under the mistaken believe that the only way to prove discrimination

is comparator information, but the plaintiff should not be limited to comparator

information as a way of proof because the plaintiff may also establish

discrimination with regard to pretext and other methods. The information requested

here will demonstrate that the Defendant valued productivity and that the Plaintiff

was one of the most productive physicians. The records will also show that some

of the pediatricians who were routinely poor performers were retained despite the

Employer's alleged valuation of performance.

**Confidentiality**:  With regard to claims of HIPPAA violation, Dr. Hightower

states that this information is displayed in a bar graph with no patient information.

Therefore, there are no HIPPAA concerns.

jj.  **REQUEST NO. 23:** For any computer-generated documents produced in
response to any of the foregoing demands, please produce any and all
computer records or OCUMENTS that evidence or reflect the dates on which
each such document was prepared and/or modified.
**RESPONSE:** Defendant objects that this Request seeks information protected by
the attorney-client privilege and the work product doctrine. Defendant objects that
this all-inclusive Request is overly broad, unduly burdensome, vague, and seeks
irrelevant information. The request is so broad and unlimited that it is not
proportional to the needs of the case and the burden of compliance outweighs the
benefit of the discovery. The documents are being  produced in accordance with
the Court's Case Management Order.
**Reasons to Compel**:  The Defendant is only partially correct.  The Magistrate

stated that the Defendant could initially produce information in the pdf format, but

should a need arise for information in its native format or a near variant thereof that

the Plaintiff is entitled to it under the rules.  The documents produced by the

Defendant are miniscule. However, out an abundance of caution the Plaintiff re-

urges its request for metadata with regard to the documents that bear no indicia of

reliability: texts transferred to undated and unsigned paper, notes with no indication

of who wrote what when, emails addressed to the Plaintiff in the body of the email,

but her email address nowhere on the document are just a few of the problems with

the information previously produced by the Defendant in initial disclosures.

kk. **REQUEST NO. 24:**   Please produce the job description for Chief Medical
Officer.
**R ESPONSE:** Defendant objects that this Request is overly broad, unduly
burdensome,  and seeks information not relevant to the claims or defenses in this
case. This Request is further not reasonably limited in time or scope.

**Reasons to Compel:**   The Defendant should be compelled to provide the requested

document as it goes to the qualifications, compensation and other prerequisites of

the position for Chief Medical Officer.   The Current CMO did not hold a

Mississippi license in 2015, 2016, 2017, 2018 or 2019.  The Plaintiff was a licensed

Mississippi medical doctor at the time. Her signature was used on a document

indicating that she was the Medical Director or similar.  The scope is appropriate

because the current CMO is not licensed in Mississippi.  Did the qualifications

change? If so, when? If not, the current CMO is unqualified and Plaintiff who is

qualified was denied the position. Records may be produced when relevant to an

employee's claim of discrimination.


ll. **REQUEST NO. 25:**  Please produce the personnel file for the Chief Medical
Officers from 2012 to the present.
**R ESPONSE:** Defendant objects that this Request is overly broad, unduly
burdensome,  and seeks information not relevant to the claims or defenses in this
case. This Request is not reasonably limited in time or scope. Defendant objects to
the production of the personnel files of employees are privileged and private files
of these individuals and not subject to production.
**Reason to Compel:**

Boilerplate: The Defendant has again recited boilerplate objections without more.

**Scope and Relevancy**: The Request is reasonably limited in scope and time as the

Plaintiff alleges that she was discriminatorily denied the position of CMO. That a black male who did not have a Mississippi license was hired and payed nearly double the salary of the previous white female. That a black female was held out as acting but was not paid for the position. The records will reveal the credentials, salary and who was actually hired as CMO, and the intent to discriminate against black females for the position of CMO. The information contained in the files are relevant to the claim of failure to promote based on sex. Whether this is a compensated position? Does the position require a license?   Credentials?

For the above and forgoing reasons,

Respectfully Submitted,
Attorney for the Plaintiff


BY:    /s/ Monica J. Clay
       Monica J. Clay
       Bar No. 102902
       MJ Clay Law PA
       227 Lake Circle
       Madison, MS 39110
       Facsimile:601.898.7740
       Phone:601.862.4275
       monicac@mjclaylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August  24, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Defendant, Family Health Care Clinic, Inc.
Through the Attorneys of Record
Michael Heilman
Taylor Polk
Heilman Law Group
4266 I-55 North
Suite 106

Jackson, MS 39211
Telephone: 601.914.1025
Facsimile: 601.960.4200

                                /s/Monica J. Clay
                                   Monica J. Clay